IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ELIZABETH BRYANT,**

                **Petitioner,**

       **v.**                                CASE NO. 10-3192-SAC

**DON ASH, et al.,**

                **Respondents.**

**O R D E R**

    This matter comes before the court on a court approved form petition for seeking a writ of habeas corpus under 28 U.S.C. § 2254, submitted pro se by a person confined in the Wyandotte County Adult Detention Center in Kansas City, Kansas. Having reviewed the limited financial records provided, the court grants petitioner's motion for leave to proceed in forma pauperis in this habeas corpus action.

    Petitioner states she is being confined on several municipal animal control tickets for which the fines imposed have not been paid, and insists that she never knew jail confinement was a possibility in her municipal case. She states she is homeless and indigent, and claims she is being held for nonpayment of fines and is accruing daily charges for her confinement. She broadly complains of malicious prosecution, and of not being allowed to pay her fines by mail instead of in person.

    On these sparse allegations, petitioner is either challenging her confinement pursuant to a state court judgment for which relief would lie in federal court under 28 U.S.C. § 2254, or is claiming

she is being unlawfully confined without a court order for which federal habeas corpus relief would be pursued under 28 U.S.C. § 2241. Under either construction, petitioner is first required to exhaust available state court remedies. See *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir.2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). See also *Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir.2005)(absent a demonstration of futility, a habeas petitioner is required to first exhaust available state remedies).

Because it appears on the face of petitioner's pleadings that she has not yet attempted or exhausted state court remedies regarding the legality of her present confinement, the court finds this matter is subject to being summarily dismissed without prejudice.[1]

To the extent petitioner seeks appointment of counsel to assist her in the state courts, or seeks to compel the production of documents by a municipal or state court clerk's office, such remedies must be pursued in the state courts.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis in this habeas action (Doc. 2) is granted.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the petition should not be dismissed without

---

[1] If petitioner's proceedings in the municipal or state courts are not yet final, then this court's intervention is barred by the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971), which narrowly proscribed federal injunctions and declaratory relief that interfere with an on-going state criminal proceeding. See also *Morrow v. Winslow*, 94 F.3d 1386, 1392 (10th Cir.1996)(court can raise issue of *Younger* abstention sua sponte). Dismissal of the petition pursuant to *Younger* would also be without prejudice.

prejudice, based upon petitioner's apparent failure to exhaust state court remedies. The failure to file a timely response may result in the petition being dismissed without further prior notice to petitioner.

**IT IS SO ORDERED.**

DATED:  This 10th day of November 2010 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge